**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------X

SUPREME FOODSERVICE AG,     :

        Plaintiff

    v.

                                 **ANSWER**

                                 **Case No. 06 CV 1759 (PKC)**

COMPASS GROUP, ESS (AKA EUREST
SUPPORT SERVICES), IHC SERVICES, INC.,
PETER HARRISE, ANDREW SEIWERT,
ALEXANDER YAKOVLEV, MOXYCO, LTD.,
DOUG KERR, STEVE KEMP, LEN SWAIN,
VLADAMIR KUZNETSOV, NIKAL, LTD, AND
EZIO TESTA
             Defendants

-----------------------------------------------------------X

        Defendant, ALEXANDER YAKOVLEV and Defendant MOXYCO, LTD., by

and through their attorneys LAW OFFICES OF BUKH & ASSOCIATES, as and for

his/its Answer to the Complaint alleged by Plaintiff SUPREME FOODSERVICE AG,

each states upon information and belief as follows:

## I. INTRODUCTION

        1.  Denies knowledge or information sufficient to form a belief as to the truth of

each and every allegation contained in paragraph "1" of the Complaint to the extent

referable to other Defendants.  To the extent referable to the answering Defendant(s),

denies each and every allegation contained in paragraph "1" of the Complaint.

        2.  Denies knowledge or information sufficient to form a belief as to the truth of

each allegation contained in paragraph "2" of the Complaint to the extent referable to

other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "2" of the Complaint.

3.  Denies knowledge or information sufficient to form a belief as to the truth of each allegation contained in paragraph "3" of the Complaint to the extent referable to other Defendants.

4.  Defendant(s) deny each and every allegation contained in paragraph "4" of the Complaint.

5.  Defendant(s), denies each and every allegation contained in paragraph "5" of the Complaint.

6.  Defendant(s) deny each and every allegation contained in paragraph "6" of the Complaint.

7.  Defendant(s) deny each and every allegation contained in paragraph "7" of the Complaint.

8.  Denies knowledge or information sufficient to form a belief as to the truth of each allegation contained in paragraph "8" of the Complaint to the extent referable to other Defendants.  To the extent referable to the Answering Defendant(s) denies each and every allegation contained in paragraph "8" of the complaint, except admits on or about Auguat 8, 2005 Yakovlev plead guilty in the Southern District of New York to charges of conspiracy, wire fraud, and money laundering, however, those charges were unrelated to his role as a U.N. procurement officer between 1993 and 2005.

9.  Defendant(s) deny knowledge or information sufficient to form a belief as to the truth of each allegation contained in paragraph "9" of the Complaint.

10.  Defendant(s) deny knowledge or information sufficient to form a belief as to the truth of each allegation contained in paragraph "10" of the Complaint to the extent referable to other defendants.  To the extent referable to the answering Defendant(s) deny each and every allegation in paragraph "10".

11.  Defendant(s) deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "11" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "11" of the Complaint.

`     12.  Defendant(s) deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "12."

13.  Defendant(s) deny knowledge or information sufficient to form a belief as to the truth of each allegation contained in paragraph "13" of the Complaint to the extent referable to other defendants.  To the extent referable to the answering Defendant(s) deny each and every allegation in paragraph "13".

14.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "14" of the Complaint.

15.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "15" of the Complaint.

## II.  JURISDICTION

16.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of the Complaint, and refers all question of law to the Honorable Court.

17.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of the Complaint, and refers all question of law to the Honorable Court.

18. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of the Complaint, and refers all question of law to the Honorable Court.

19.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of the Complaint, and refers all question of law to the Honorable Court.

## III.  TRADE AND COMMERCE

20. Admit the allegations contained in paragraph "20" of the Complaint.

21.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "21" of the Complaint.

22. Admit the allegations contained in paragraph "22" of the Complaint.

23. Admit the allegations contained in paragraph "23" of the Complaint.

24. Admit the allegations contained in paragraph "24" of the Complaint.

25.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "25" of the Complaint.

26.  Denies each and every allegation contained in paragraph "26" of the Complaint.

27.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "27" of the Complaint.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "27" of the Complaint.

## IV. RELEVANT MARKET

28.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "28" of the Complaint.

29.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "29" of the Complaint.

30.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "30" of the Complaint.

## V.  THE PARTIES

### A.  Plaintiff Supreme

31.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "32" of the Complaint.

### B.  Defendant Compass

33.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "34" of the Complaint.

## C.  Defendant ESS

35.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "35" of the Complaint.

## D.  Defendant IHC

36.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "36" of the Complaint.

## E.  Defendant Peter Harris

37.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "37" of the Complaint

## F.  Defendant Andrew Seiwert

38.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "38" of the Complaint.

## G.  Defendant Alexander Yakovlev

39. Admits citizenship, residence, length of employment and employment position.  Denies each and every other allegation contained in paragraph "39" of the Complaint.

40.  Admit the allegations contained in paragraph "40" of the Complaint, except denies the fact that Mr. Yakovlav was solely responsible for the award of contracts to Compass and denies the allegation of "if not all, food supply contracts Defendant Compass won."

### H.  Defendant Moxyco

41.    Admits the allegations contained in paragraph "41" of the Complaint, except denies that Defendant Yakovlev opened an account for Defendant Moxyco to facilitate the transfer and concealment of illicit payments.

### I.  Defendant Doug Kerr

42.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "42" of the Complaint.

### J.  Defendant Steve Kemp

43. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "43" of the Complaint.

### K.  Defendant Len Swain

44. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "44" of the Complaint.

### L.  Defendant Vladamir Kuznetsov

45.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "44" of the Complaint.

### M.  Defendant Nikal

46.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "46" of the Complaint.

### N.  Defendant Ezio Testa

47.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "47" of the Complaint.

## VI. UNITED NATIONS RATIONS CONTRACTS

48. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "48" of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "49" of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "50" of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "51" of the Complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "52" of the Complaint.

53. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "53" of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "54" of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "55" of the Complaint.

56. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "56" of the Complaint.

## VII. RACKETEERING AND OTHER UNLAWFUL ACTIVITY

### A. The Criminal Enterprise

57. Defendant(s), denies each and every allegation contained in paragraph "57" of the Complaint.

58. Defendant(s), denies each and every allegation contained in paragraph "58" of the Complaint.

59.  Defendant(s), denies each and every allegation contained in paragraph "59" of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "60" of the Complaint.

61. Defendant(s), denies each and every allegation contained in paragraph "61" of the Complaint.

62.  Defendant(s) denies each and every allegation contained in paragraph "62" of the Complaint.

### B.  A Pattern of Racketeering Activity

### i) Defendant Yakovlve's Money Laundering Scheme

63.  Defendant(s) denies each and every allegation contained in paragraph "63" of the Complaint.

ii) Defendant Kuznetsov Joins Defendant Yakovlev's Criminal Scheme

64.  Defendant(s) denies each and every allegation contained in paragraph "64" of the Complaint.

65. Defendant(s) denies information or knowledge sufficient to form a belief as to each and every allegation contained in paragraph "65" of the Complaint.

66.  Defendant(s) denies each and every allegation contained in paragraph "66" of the Complaint.

67.  Defendant(s) denies each and every allegation contained in paragraph "67" of the Complaint.

68. Defendant(s) denies each and every allegation contained in paragraph "68" of the Complaint.

### iii) Authorities Discover the Criminal Conspiracy- Defendant Yakovlev Pleads Guilty

69.  Admits the allegations contained paragraph "69" of the Complaint except denies that Yakovlev had been overseeing Defendant IHC's performance on U.N. contracts when his son had a job with Defendant IHC.

70.  Defendant(s) deny each and every allegation contained in paragraph "70".

71. Defendant(s) deny each and every allegation contained in paragraph "71", except admits to pleading guilty to the charges referenced in paragraph "71".

72. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "72" of the Complaint.

### iv.  IHC Leaks U.N.'s Top Secret Information on Liberia Rations Contracts to Defendant Compass

73.  Admits the allegations contained in paragraph "73" of the Complaint, but denies the use the word "top secret" in paragraph "73" of the Complaint.

74.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "74" of the Complaint.

75.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "75" of the Complaint.

76.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "76" of the Complaint.

77.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "77" of the Complaint.

78.  Denies each and every allegation contained in paragraph "78" of the Complaint, except admits the Liberia Rations Contract was awarded to Defendant Compass, but denies knowledge or information sufficient to form a belief as to the date such contract was awarded and the dollar amount.

79.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "79" of the Complaint.

**v) Defendant Yakovlev Leaks Top-Secret Information on Burundi Rations Contract to Defendant Compass**

80.  Defendant(s) denies each and every allegation contained in paragraph "80" of the Complaint,  and denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Complaint referable to other Defendants.

**vi) Current Investigations**

81.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "81" of the Complaint.

**VIII.  UNLAWFUL RESTRAINT OF TRADE AND**
**COMMON LAW VIOLATIONS**

82.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "82" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "82" of the Complaint.

83.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "83" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "83" of the Complaint.

## IX.  COUNT ONE- RICO VIOLATION

84. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "84" of the Complaint.

85. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "85" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "85" of the Complaint, and refers all questions of Law to the Honorable Court.

86.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "86" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "86" of the Complaint, and refers all questions of Law to the Honorable Court.

87.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "87" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "87" of the Complaint, and refers all questions of Law to the Honorable Court.

88.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "88" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "88" of the Complaint, and refers all questions of Law to the Honorable Court.

89.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "89" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "89" of the Complaint, and refers all questions of Law to the Honorable Court.

90.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "90" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "90" of the Complaint, and refers all questions of Law to the Honorable Court.

91.   Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "91" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "91" of the Complaint, and refers all questions of Law to the Honorable Court.

92. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "92" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s),

denies each and every allegation contained in paragraph "92" of the Complaint, and refers all questions of Law to the Honorable Court.

93. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "93" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "93" of the Complaint, and refers all questions of Law to the Honorable Court.

94.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "94" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "94" of the Complaint, and refers all questions of Law to the Honorable Court.

## X.  COUNT TWO- RICO CONSPIRACY

95.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "95" of the Complaint.

96.  Each answering Defendant repeats and reiterates each and every denial of knowledge or information sufficient to form a belief, denial, and or admission as to each of the allegations as alleged in the Complaint reiterated and re-alleged by Plaintiff in paragraph "96", and refers all questions of Law to the Honorable Court.

97.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "97" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s),

denies each and every allegation contained in paragraph "97" of the Complaint, and refers all questions of Law to the Honorable Court.

98.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "98" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "98" of the Complaint, and refers all questions of Law to the Honorable Court.

99.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "99" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "99" of the Complaint, and refers all questions of Law to the Honorable Court.

100.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "100" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "100" of the Complaint, and refers all questions of Law to the Honorable Court.

101. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "101" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "101" of the Complaint, and refers all questions of Law to the Honorable Court.

## XI.  COUNT TRHEE SHERMAN ACT VIOLATION

102.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "102" of the Complaint, and refers all questions of Law to the Honorable Court.

103.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "103" of the Complaint, and refers all questions of Law to the Honorable Court.

104.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "104" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "104" of the Complaint, and refers all questions of Law to the Honorable Court.

105.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "105" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "105" of the Complaint, and refers all questions of Law to the Honorable Court.

106.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "106" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "106" of the Complaint, and refers all questions of Law to the Honorable Court.

107.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "107" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "107" of the Complaint, and refers all questions of Law to the Honorable Court.

108.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "108" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "108" of the Complaint, and refers all questions of Law to the Honorable Court.

109. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "109" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "109" of the Complaint.

110.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "110" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "110" of the Complaint, and refers all questions of Law to the Honorable Court.

111. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "111" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "111" of the Complaint.

112. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "112" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "112" of the Complaint, and refers all questions of Law to the Honorable Court.

## COUNT FOUR- DONNELLY ACT

113. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "113" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "113" of the Complaint, and refers all questions of Law to the Honorable Court.

114. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "114" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "114" of the Complaint, and refers all questions of Law to the Honorable Court.

115. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "115" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "115" of the Complaint, and refers all questions of Law to the Honorable Court.

116. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "116" of the Complaint to the extent

referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "116" of the Complaint, and refers all questions of Law to the Honorable Court.

117. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "117" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "117" of the Complaint, and refers all questions of Law to the Honorable Court.

118. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "118" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "118" of the Complaint, and refers all questions of Law to the Honorable Court.

119. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "119" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "119" of the Complaint, and refers all questions of Law to the Honorable Court.

120. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "120" of the Complaint to the extent referable to other Defendants. To the extent referable to the answering Defendant(s), denies each and every allegation contained in paragraph "120" of the Complaint, and refers all questions of Law to the Honorable Court.

## XIII. COUNT FIVE- INTENTIONAL INTERFERENCE WITH PROSPECTIVE BUSINESS ADVANTAGE AND BUSINESS RELATIONS

121. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "121" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s) admit knowledge that Plaintiff Supreme was a competitor of Defendant Compass's in the market for U.N. food rations contracts.

122. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "122" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s) admit knowledge that Plaintiff Supreme and Defendant Compass were the finalists in the U.N.'s bidding process, except denies all other allegations in paragraph "122" of the Complaint.

123. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "123" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s) admit knowledge that Plaintiff Supreme and Defendant Compass were the finalists in the U.N.'s bidding process, except denies all other allegations in paragraph "123" of the the complaint.

124. Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "124" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s) admit knowledge that Plaintiff Supreme and Defendant Compass were the finalists in the

U.N.'s bidding process, except denies all other allegations in paragraph "124" of the the complaint.

125.  Denies knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "125" of the Complaint to the extent referable to other Defendants.  To the extent referable to the answering Defendant(s) each and every allegation contained in paragraph "125" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

126.  Plaintiff lacks standing and may not legally maintain a cause of action against the answering Defendant(s) for the causes of actions asserted in Plaintiff's complaint.   Therefore, each of the causes of action asserted against each answering Defendant must be dismissed.

**AS AND FOR THE SECOND AFFIRMATIVE DEFENSE**

127.  Plaintiff lacks standing and may not legally maintain a cause of action against the answering Defendant(s) premised upon the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. Section 1961 et. seq., because, inter alia, Plaintiff failed to allege, nor can Plaintiff show, indictable offenses committed by the answering Defendant(s) or injury caused by the alleged racketeering activity asserted against the answering Defendant(s).

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

128.  The Plaintiff's Complaint, in whole or in part, is legally deficient and fails to state a claim upon which relief may be granted as against the answering Defendant(s).

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

129.  The Complaint, in or whole or in part, is legally deficient in that Plaintiff has failed to plead fraud with sufficient particularity and detail necessary to advise each answering Defendant as to the basis of Plaintiffs claims.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

130.  The Plaintiff Complaint, in whole or in part, is barred by the equitable doctrines of waiver, laches, and/or unclean hands.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

131.  The Plaintiff's Complaint, in whole or in part, is barred by the doctrine of estoppel.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

132.  Plaintiff has failed to mitigate its damages, if any.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

133.  Plaintiff's claims are barred by the applicable statute of limitations.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

134.  Plaintiff is barred from asserting claims in its Complaint by virtue of its failure to include a necessary party to this litigation.

## AS AND FOR THE TENTH AFFIRMATIVE DEFENSE

135.  To the extent that Plaintiff allegedly sustained damages as set forth in the Plaintiff's Complaint, such damages were sustained, in whole or in part, through the acts and omissions of Plaintiff, its officers, directors, owners, shareholders, agents, representatives, servants, and/or employees, or through the acts and omissions of Defendants  COMPASS GROUP, ESS (AKA EUREST SUPPORT SERVICES), IHC

SERVICES, INC., PETER HARRISE, ANDREW SEIWERT, DOUG KERR, STEVE

KEMP, LEN SWAIN, VLADAMIR KUZNETSOV, NIKAL, LTD, and EZIO TESTA

AS AND

## AS AND FOR THE ELEVENTH AFFIRMATIVE DEFENSE

136.  In its Complaint, Plaintiff does not describe its alleged injuries or the alleged

cause(s) thereof with sufficient particularity to enable each answering Defendant to

determine what additional defense he/she/it/they may have.  Therefore, each answering

Defendant reserves the right to assert additional defenses and amend this Answer as

further information concerning the alleged injuries and the alleged cause thereof is

provided.

## RELIEF

WHEREFORE, the answering Defendant(s) demand judgment as follows:

   A.  Against Plaintiff dismissing its Complaint in its entirety; and

   B.  Interest, attorneys fees, and costs and disbursements of this action; and

   C.  Such other and further relief as to the Court may deem just, proper, and equitable.

Dated:  June 2, 2006
New York , New York

LAW OFFICES OF BUKH & ASSOCIATES

By:  _____/s/_____
          Arkady Bukh
          1123 Avenue Z
          Brooklyn, NY 11235
          (718) 376-4766
          Attorney for the Yakovlev(s)