USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/1/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ES-KO INTERNATIONAL, INC.,

                Plaintiff,

-v-

IHC SERVICES, INC., IHC SERVICES S.R.L.,
EZIO TESTA, ANGELITA QUINTEROS,
WILLIAM ETHERSON, GIANDOMENICO
PICCO, TORNO INTERNAZIONALE S.P.A.,
TORNO S.A.H., DARIO FISCHER, ENGELBERT
SCHREIBER, JR., ALLIANCE INVESTMENT
DEVELOPMENT LTD., COGIM S.P.A.,
CORIMEC ITALIANA S.P.A., ALEXANDER
YAKOVLEV, DMITRY YAKOVLEV, and JOHN
DOES 1 TO 100,

                Defendants.

Case No. 06 CV 2422 (PKC)

SUPREME FOODSERVICE AG,

                Plaintiff,

-v-

IHC SERVICES, INC., EZIO TESTA, , ANGELITA
QUINTEROS, GIANDOMENICO PICCO, TORNO
INTERNAZIONALE S.P.A., TORNO S.A.H.,
DARIO FISCHER, ENGELBERT SCHREIBER,
JR., ALLIANCE INVESTMENT DEVELOPMENT
LTD., ALEXANDER YAKOVLEV, MOXYCO,
LTD., VLADIMIR KUZNETSOV, NIKAL LTD.,
DMITRY YAKOVLEV AND OLGA YAKOVLEV,

                Defendants.

Case No. 06 CV 1759 (PKC)

**STIPULATION AND ORDER**

        WHEREAS defendants IHC Services, Inc. and Ezio Testa (the "IHC Defendants") have demanded production of copies of the separate settlement agreements entered into between plaintiffs ES-KO International, Inc. ("ES-KO") and Supreme Foodservice AG ("Supreme") (together "Plaintiffs") and Defendants Compass Group PLC, ESS Support Services Worldwide, Eurest Support Services (Cyprus) International Limited, Steve Kemp, Len Swain,

91362.1

Steve Bickerstaff and Peter Harris (the "Compass Defendants") (the "Settlement Agreements"); and

WHEREAS Plaintiffs have taken the position that the Settlement Agreements are subject to confidentiality restrictions; and

WHEREAS counsel for the Compass Defendants have consented to production of the Settlement Agreements in accordance with the restrictions contained in this Stipulation;

IT IS HEREBY STIPULATED AND AGREED by the respective undersigned counsel for the Plaintiffs and the IHC Defendants in the above-captioned litigation, as follows:

1. Plaintiffs agree to produce to counsel for the IHC Defendants copies of their separate Settlement Agreements immediately upon execution and Court endorsement of this Stipulation.

2. Except upon prior written consent of all parties to this Stipulation, or order of the Court, the Settlement Agreements shall not be disclosed, summarized, or otherwise made available to anyone except:

    (a) litigation counsel for the IHC Defendants; and

    (b) individuals either employed by, or having an ownership interest in, IHC Services, Inc.

3. In the absence of prior written consent by all parties to this Stipulation, or order of the Court, neither the IHC Defendants' counsel nor the IHC Defendants nor any of the individuals referenced in paragraph 2(b) of this Stipulation shall disclose any of the contents of the Settlement Agreements to any third party nor shall ES-KO's Settlement Agreement with the Compass Defendants be disclosed to Supreme or to Supreme's counsel, nor shall Supreme's

2

06/01/2007 13:03 FAX 2123502701    CONSTANTINE|CANNON                    ☒005/008
Case 1:06-cv-01759-PKC   Document 60   Filed 06/01/07   Page 3 of 4

Settlement Agreement with the Compass Defendants be disclosed to ES-KO or to ES-KO's counsel.

    4. Those persons identified in paragraphs 2(b) above, to whom the Settlement Agreements are disclosed, shall first be advised that the Settlement Agreements are being made available to them under this Stipulation; they shall be given a copy of this Stipulation; they shall agree to be bound by this Stipulation; and they shall evidence their consent to be bound by this Stipulation by signing and dating a copy of the Confidentiality Undertaking annexed hereto as Exhibit "A" and attorneys for the IHC Defendants shall retain all signed copies of such Confidentiality Undertaking. Absent Court order, counsel for the IHC Defendants shall be under no obligation to produce or disclose the Confidentiality Undertakings, or the identity of any individual that has executed a Confidentiality Undertaking, to the Plaintiffs or counsel for the Plaintiffs.

BROWN RUDNICK BERLACK ISRAELS LLP

By: _____
  Sigmund S. Wissner-Gross (SW-0001)

7 Times Square
New York, New York 10036

Attorneys for Plaintiff
*ES-KO International, Inc.*

CONSTANTINE CANNON, LLP

By: _____
  Yang Chen (YC-3782)

450 Lexington Avenue
New York, New York 10017

Attorneys for Plaintiff
*Supreme Foodservice AG*

3

913821

LAZER, APTHEKER, ROSELLA & YEDID, P.C.

By: /s/ David L_____
   David Lazer (DL-7441)

225 Old Country Road
Melville, New York 11747

**Attorneys for Defendants**
*IHC Services, Inc.* and *Ezio Testa*

SO ORDERED:

/s/ P. Kevin Castel
Hon. P. Kevin Castel

Dated: 6-1_____, 2007

4

91382.1